IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CR-30118-SMY |
| | ) | |
| WALTER W. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Walter W. Wallace's *pro se* Motion for Compassionate Relief (Doc. 68) and Motion to Appoint Counsel (Doc. 74). Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

Wallace filed the instant motion 14 days after seeking relief from the Warden at the Low Security Correctional Institution Butner and argues the statutory exhaustion requirement should be waived because he appealed the Warden's decision through a BP-9 form and received a response denying his appeal on July 1, 2020. The exhaustion requirement is mandatory – Wallace must fully exhaust his administrative remedies before filing suit. *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (noting that

the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020).

Accordingly, Defendant's *pro se* Motion for Compassionate Relief (Doc. 68) is **DENIED** without prejudice. Should he choose to do so, Defendant may refile his motion after fully exhausting his administrative remedies.  Further, Pursuant to Fourth Amended Administrative Order 265, the Court appoints counsel to represent eligible defendants with respect to requests for compassionate release only after a defendant's *pro se* motion survives preliminary review, including proof of exhaustion of administrative remedies. Therefore, Defendant's Motion to Appoint Counsel (Doc. 74) is also **DENIED** at this time.

   **IT IS SO ORDERED.**

   **DATED: October 14, 2020**

   **STACI M. YANDLE**
   **United States District Judge**