IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CR-30118-SMY-1 |
| | ) |
| WALTER W. WALLACE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Walter W. Wallace was sentenced on October 30, 2013 to 151 months imprisonment and 3 years of supervised release for bank robbery in violation of 18 U.S.C. § 2113 (Count I) and interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Count II) (Docs. 57, 63). He is currently housed at FCI Butner Low, North Carolina and his projected release date is January 27, 2036.

Wallace filed a Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 68) and a Motion for Appointment of Counsel (Doc. 74). Prior to the Government responding to the Motion for Compassionate Release, it was denied without prejudice for failure to exhaust administrative remedies and the Motion for Appointment of Counsel was denied as well (Doc. 75). Upon reconsideration, the Motion for Compassionate Release was reinstated and the Government was directed to respond (Doc. 77).

Now pending before the Court is Wallace's *pro se* Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 68), Wallace's Motion for Reconsideration of Appointment of Counsel (Doc. 79), and the Government's Motion to Dismiss (Doc. 78) to which Wallace has responded (Doc. 81). For the following reasons, the Motion to Dismiss is

**GRANTED** and the Motion for Reconsideration of Appointment of Counsel (Doc. 79) is **DENIED**.

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

The Government correctly points out that Wallace failed to exhaust his administrative remedies; he sought relief from the warden at FCI Butner Low on May 18, 2020 and filed his Motion for Compassionate Release 14 days later (on June 1, 2020). The exhaustion requirement is mandatory; Wallace must either fully exhaust his administrative remedies or wait 30 days after requesting compassionate release from the warden before filing suit. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense . . . , not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."); *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020). Accordingly, the Government's Motion to Dismiss (Doc. 78) is **GRANTED** and Wallace's *pro se* Motion for Compassionate Relief (Doc. 68) is **DISMISSED without prejudice**. Should he

choose to do so, Wallace may refile his motion after exhausting his administrative remedies. The Motion for Reconsideration of Appointment of Counsel (Doc. 79) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 26, 2021**

**STACI M. YANDLE
United States District Judge**