IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cr-30118-SMY-1 |
| | ) |
| WALTER W. WALLACE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Walter W. Wallace was sentenced on October 30, 2013, to 151 months imprisonment on Counts 1 and 4 for bank robbery and interference with commerce by robbery (Doc. 57). He is currently housed at Fort Dix FCI and his projected release date is January 27, 2036.

Now pending before the Court is Wallace's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 85), his Motion to Supplement his Motion for Compassionate Release (Doc. 91), his second Motion for Compassionate Release (Doc., 98), and his motions to expedite ruling on the Motions for Compassionate Release (Docs. 94, 95, 100). Wallace also has pending a Motion to Reconsider denial of his Motion to Appoint Counsel (Doc. 90). The Government filed a Motion to Dismiss the Motion for Compassionate Release (Doc. 89). Wallace responded in opposition to the Government's Motion to Dismiss (Doc. 93).

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. The exhaustion requirement is a mandatory claim-processing rule that must be enforced when properly invoked. *See United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release.").

The exhaustion requirement is designed to allow the Bureau of Prisons to bring "a motion on the defendant's behalf," before he moves on his own behalf. 18 U.S.C. § 3582(c)(1)(A); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Therefore, at a minimum, the inmate's request shall include (1) extraordinary or compelling circumstances that the inmate believes warrant consideration; and (2) proposed release plans including where the inmate will reside, how the inmate will support himself/herself, and if it involves health concerns it must also include information on where the inmate will receive treatment and how the inmate will pay for treatment. *Id.*; 28 C.F.R. § 571.61. A defendant must exhaust his administrative remedies as to each issue raised in his motion for compassionate release. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Wallace asserts that the following are extraordinary and compelling circumstances warranting compassionate release: (1) his age at the time of the offenses; (2) his rehabilitation while incarcerated, low risk of recidivism and "concrete rentry plan"; (3) his sentence was disproportionately long to similarly situated defendants as well as his co-conspirator; and (4) the

harsh conditions of confinement due to the COVID-19 pandemic (Doc. 85). In his second motion seeking compassionate release, Wallace adds that he is primary caregiver for his infirmed mother (Doc. 98).

With his initial motion (Doc. 85), Wallace attached an email to the Warden dated November 1, 2023 in which he requests compassionate release based only on the new policy statement in the U.S.S.G. 1B1.13 – that a district court may consider whether a defendant is serving an "unusually long sentence," has served at least 10 years, and there would be a gross disparity between the sentence being served and the sentence he would receive today (Doc. 85, p. 17). That email request does not mention Wallace's age at the time of the offense, his rehabilitation, his low risk of recidivism, his reentry plan, his allegedly disproportionate sentence or the harsh conditions of confinement caused by COVID-19. *Id.*[1] Nor does it mention Wallace's infirmed mother or his request to be a primary caregiver.

Wallace's email request to the Warden does not mention or include the specific bases for compassionate release presented in his motions. As such, the email is insufficient to exhaust his administrative remedies as mandated by the statute. *See United States v. Williams*, 987 F.3d at 703; 28 C.F.R. § 571.61. Accordingly, the Government's Motion to Dismiss Wallace's Motion for Compassionate Release (Doc. 89) is **GRANTED**. Defendant's Motions for Compassionate Relief (Docs. 85, 98) are **DISMISSED without prejudice**. The Motion for Reconsideration (Doc. 90) is **DENIED.** The Motion to Supplement (Doc. 91) and Motions to Expedite (Docs. 94, 95, 100) are **TERMINATED AS MOOT**.

---

[1] While Wallace attaches a copy of a BP-9 with attachment to his motion for compassionate release (Doc. 85, pp. 19-20), that BP-9 is dated almost two months before Wallace submitted his November 1, 2023 request to the Warden. Wallace then attaches the same BP-9 in his response to the Government's motion to dismiss. The Court notes that Wallace filed different attachments associated with the BP-9 to support his motion and the response. *See* (Doc. 85, p. 20 and Doc. 93, p. 6).

**IT IS SO ORDERED.**

**DATED:  January 29, 2024**

_____
**STACI M. YANDLE**
**United States District Judge**