IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cr-30118 |
| | ) |
| WALTER W. WALLACE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the Defendant Walter W. Wallace's Motion to Reconsider (Doc. 104) and Declaration (Doc. 105).

Wallace was sentenced on October 30, 2013, to 151 months imprisonment on Counts 1 and 4 for bank robbery and interference with commerce by robbery (Doc. 57). The Court recently dismissed Wallace's Motions for Compassionate Release (Doc. 101). He has now filed a Motion to Reconsider the dismissal of his Motions for Compassionate Release (Doc. 104) and attached a declaration that includes a BP-9 dated November 21, 2023 with a handwritten "Continuation Page" (Doc. 105).

Generally, a motion filed within twenty-eight (28) days of judgment or ruling is treated as a motion to alter or amend under *F.R.C.P.* 59(e). To prevail on a motion for reconsideration under Rule 59(e), the moving party must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). However, a Rule 59 motion may not be employed to simply rehash previously rejected arguments (*see Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009); *see also Neal v.*

*Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Caisee Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)), which is what Wallace attempts here.

A "manifest error is not demonstrated by the disappointment of the losing party…" *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997). While Wallace argues that he did, in fact, comply with the exhaustion requirement, he fails to demonstrate that the Court actually disregarded, misapplied, or failed to recognize facts and controlling precedent. The issue remains the same – Wallace's only effort at exhausting administrative remedies is an email to the Warden dated November 1, 2023 in which he requests compassionate release based only on the new policy statement in the U.S.S.G. 1B1.13 – that a district court may consider whether a defendant is serving an "unusually long sentence," has served at least 10 years, and there would be a gross disparity between the sentence being served and the sentence he would receive today (Doc. 85, p. 17). That email request does not mention any of the other specific bases Wallace presents for compassionate release. *Id.*[1] Accordingly, Wallace's email to the Warden is insufficient to exhaust his administrative remedies as mandated by the statute. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

For the foregoing reasons, Wallace's Motion to Reconsider (Doc. 104) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 5, 2024**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Wallace originally attached a copy of a BP-9 with attachment to his motion for compassionate release (Doc. 85, pp. 19-20) that was dated September 11, 2023 – almost two months before Wallace even submitted his November 1, 2023 request to the Warden. Wallace then attaches the same BP-9 in his response to the Government's motion to dismiss; but, the attachment to this BP-9 is different and appears to have been altered to support his motion and response. *See* (Doc. 85, p. 20 and Doc. 93, p. 6). Now, with his Motion to Reconsider, Wallace has attached a BP-9 and attachment with a date of November 21, 2023 (Doc. 105-1). None of these BP-9 forms and attachments alter the fact that Wallace's request to the Warden dated November 1, 2023 failed to properly exhaust his administrative remedies as to each issue raised in his motion for compassionate release. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).