IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cr-30118-SMY-1 |
| | ) |
| WALTER W. WALLACE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Walter W. Wallace was sentenced on November 6, 2013 to 151 months' concurrent imprisonment for Bank Robbery in violation of 18 U.S.C. §2113(a) & (d) and Interference with Commerce by Robbery in violation of 18 U.S.C. §1951 (Counts 1 and 4) (Docs. 57, 63, 64).

Wallace recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 96). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Michael J. Mettes entered his appearance on Wallace's behalf in order to determine his eligibility for a sentence reduction (Doc. 99). AFPD Mettes has now moved to withdraw, asserting that Wallace is ineligible for a sentence reduction under Amendment 821 (Doc. 103). Wallace did not file any objection.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point

Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Wallace's total offense level at sentencing was 29 and his criminal history category was IV with 9 criminal history points. His Guidelines sentencing range was 121 to 151 months. Under Amendment 821, Wallace's criminal history category remains unchanged, even with a reduction in his criminal history points to 8. Therefore, Wallace is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 103) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 96) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 18, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**